# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MATTHEW ORSO AS SUCCESSOR
TRUSTEE TO KENNETH D. BELL
IN HIS CAPACITY AS COURT-
APPOINTED RECEIVER FOR REX
VENTURE GROUP, LLC,

            **Plaintiff,**

**v.**                                      **Case No:   6:21-mc-96-WWB-DAB**

**LARRY D. ROBERTS,**

            **Defendant**

_____

## ORDER

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR WRIT OF GARNISHMENT AGAINST E*TRADE BY NATIONWIDE JUDGMENT RECOVERY, INC. (Doc. 21)** |
| **FILED:** | **May 9, 2022** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**. The Clerk of Court is **DIRECTED** to issue the Writ of Garnishment to E*Trade Financial (Doc. 21-1) attached to the Motion.

On July 28, 2021, Movant Nationwide Judgment Recovery, as assignee of Receiver Matthew Orso,[1] registered a foreign judgment in this Court for $16,949.11 (with post-judgment interest accruing) against Defendant Larry D. Roberts. Doc. Nos. 1, 1-1. Roberts was one of thousands of defendants who participated in a large Ponzi scheme, known as ZeekRewards, that was the subject of extensive investigation and an enforcement action by the Securities and Exchange Commission ("SEC"). [2] After the SEC's enforcement action shut down ZeekRewards, a Receiver was appointed to "claw back" the ill-gotten profits received by "Net Winners"—participants who withdrew money before the scheme folded—and redistribute as many of those funds as possible to the victims.[3] The Receiver filed a defendant class action in the United States District Court for the Western District of North Carolina, who certified a defendant class consisting of all persons who had "won" more than $1,000 from the ZeekRewards scheme. The Receiver prevailed on liability and judgments were entered against numerous "Net

---

[1] In 2019, Matthew Orso became the court-appointed Successor Receiver to Kenneth D. Bell, for Rex Venture Group, LLC d/b/a ZeekRewards.com.

[2] The general description of the Ponzi scheme and SEC enforcement related to ZeekRewards was recently summarized in *Bell v. Woods*, No. 5:20-MC-10-JSM-PRL, 2022 WL 428440, at *2 (M.D. Fla. Jan. 7, 2022), *report and recommendation adopted*, No. 5:20-MC-10-JSM-PRL, 2022 WL 425719 (M.D. Fla. Feb. 11, 2022), *appeal dismissed*, No. 22-10807-A, 2022 WL 2116040 (11th Cir. May 3, 2022).

[3] *See Securities and Exchange Commission v. Rex Venture Group, LLC*, Case No. 3:12-cv-00519 (W.D.N.C., August 17, 2012).

Winners," including Defendant Roberts who earned $16,949.11 from the scheme. Doc. 1 at 3.

On May 9, 2022, [4] filed a Motion for Writ of Garnishment seeking garnishment of funds belonging to Defendant Roberts in possession of E*Trade Financial, 250 S. Park Avenue, Winter Park, Florida. Doc. 21. In the Motion, Nationwide represents that $18,485.46, including the accrued interest, remains unsatisfied. Doc. 21 at ¶¶ 5. Nationwide attached a proposed writ of garnishment to the Motion. Doc. 21-1.

A money judgment is enforceable by a writ of garnishment, and the writ must accord with the law of the state where the court is located. Fed. R. Civ. P. 69(a)(1). Under Florida law, post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor. *See United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978); *see also Commc'ns Ctr., Inc. v. Komatsu*, No. 6:05-cv-1254-Orl-GAP-GJK, 2008 WL 2717669, at *1 (M.D. Fla. June 27, 2008).

In Florida, "[e]very person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment[.]" Fla. Stat. § 77.01. After judgment has been entered, but before the

---

[4] On April 7, 2022, Nationwide Judgment Recovery Inc., as assignee of Matthew Orso, filed documents establishing that Receiver Orso's interest in the judgment against Defendant Larry D. Roberts had been assigned in December 2019. Docs. 20 to 20-3.

writ of garnishment is issued, the party seeking the writ of garnishment must file a motion stating the amount of the judgment. *Id*. § 77.03. The writ must state the amount owed, which is taken from the motion for issuance of the writ, and direct the garnishee to do the following: 1) serve an answer on the movant within 20 days after service of the writ stating whether the garnishee is indebted to the debtor at the time of the answer, or was indebted at the time of service of the writ, or was indebted at any time between such times; 2) state what sum and what tangible or intangible personal property of the debtor the garnishee possesses or controls at the time of the answer, or had at the time of the service of the writ, or at any time between such times; and 3) whether the garnishee knows of any other person indebted to the debtor, or who may possess or control any of the debtor's property. *Id*. § 77.04. Nationwide represents that it will make payment of the statutory $100 fee directly to the garnishee upon demand in compliance with Florida Statute § 77.28 (2021) ("Upon issuance of any writ of garnishment, the party applying for it shall pay $100 to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ.").

The Motion and the attached writ of garnishment comply with the applicable Florida Statutes. Therefore, based on the papers filed by Nationwide, it is entitled

to the issuance of the Writ of Garnishment directed to E*Trade Financial. (Doc. 21-1).

It is so ORDERED on June 29, 2022.

_____

CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties